**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHANIKA TERRY, individually, ) <br> and as administrator of the Estate of her unborn ) <br> child, JOHN DOE, deceased, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COOK COUNTY DEPARTMENT OF ) <br> CORRECTIONS, et al. ) <br> ) <br> Defendants. ) | Case No. 09-cv-3093 <br><br> Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

In May 2009, Plaintiff Shanika Terry filed suit in Illinois state court against Defendants Cook County Department of Corrections, Cermak Health Services of Cook County, Cook County, Cook County Sheriff Thomas Dart, Cook County Bureau of Health, Cook County Jail, David Fagus as agent of the Cermak Health Services of Cook County, and other unknown defendants individually and on behalf of her deceased son, John Doe. Plaintiff asserts Section 1983 claims against Defendants, alleging that while she was a pre-trial detainee in the Cook County Department of Corrections, Defendants denied her adequate medical care in violation of the Fourteenth Amendment. Plaintiff also asserts wrongful death and other state law claims arising out of the alleged denial of adequate medical care, which she asserts resulted in the still birth of her son.

Before the Court is a motion to dismiss [14] the claims against Defendants Cook County Department of Corrections and Cook County Jail, and the Section 1983 individual capacity claim

against Defendant Thomas Dart, pursuant to Fed. R. Civ. P. 12(b)(6).[1] For the reasons stated below, Defendants' motion is granted in part and denied in part.

I.  **Background**[2]

Plaintiff was taken into custody as a pre-trial detainee by the Cook County Department of Corrections on approximately July 11, 2008, at which time Plaintiff was 26 weeks pregnant. On July 22, 2008, Plaintiff began having abdominal pain and cramping, began vomiting, and was bleeding vaginally. Plaintiff asked nurses and guards for assistance, but her repeated requests were ignored for a number of hours. Plaintiff's bleeding was severe for a period of at least two hours before she was transferred by ambulance to St. Anthony's Hospital at approximately 11:00 pm on July 22nd.

When Plaintiff arrived at the emergency room, the nurses treating her were unable to locate a heartbeat for Plaintiff's unborn child, and advised her that her unborn child had died. Plaintiff was diagnosed with abruption placenta and disseminated intravascular coagulation (DIC); she suffered anemia and injury to her kidneys. *Id.*

Plaintiff filed suit in the Circuit Court of Cook County on May 7, 2009. On May 22, 2009, Defendants removed the law suit to this Court [1].

---

[1] Defendants' motion to dismiss [14], which was filed on June 29, 2009, initially was directed toward Plaintiff's original complaint. On July 17, 2009, this Court granted Plaintiff leave to file an amended complaint (see [41]), which Plaintiff did on July 21, 2009 (see [45]). The amended complaint added certain new defendants and removed others, but did not alter the claims at issue on the motion to dismiss [14]. After discussing the matter with counsel at a status hearing on November 24, 2009, this Court set a briefing schedule on the motion to dismiss, which the Court now considers to be directed toward the amended complaint. See [56].

[2] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

2

## II.     Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III. Analysis**

    **A. Claims Against Cook County Department of Corrections and Cook County Jail**

Defendants move to dismiss the claims against Cook County Department of Corrections and Cook County Jail on the ground that they are not suable entities. Plaintiff agrees in her response brief to voluntarily dismiss her claims against Cook County Department of Corrections and Cook County Jail. Therefore, Defendants' motion is granted as to the claims against Cook County Department of Corrections and Cook County Jail.

    **B. Section 1983 Individual Capacity Claim Against Defendant Dart**

Defendants also move to dismiss the Section 1983 individual capacity claim against Defendant Dart.[3] Section 1983 creates a cause of action against "[e]very person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. There are two ways in which a government actor may be sued: in his official capacity or his individual (sometimes called "personal") capacity. Generally, an official capacity suit is brought against a high-ranking official as a means of challenging an unconstitutional policy, practice, or custom. *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991). Suing a government employee in his official

---

[3] In Defendants' opening memorandum in support of their motion to dismiss, Dart purports to seek dismissal of all claims against him in his individual capacity. However, the opening brief presents argument only as to the Section 1983 claim, and does not address the state law wrongful death and survival claims asserted against Dart set forth in Counts I, III, and IV of the amended complaint. In their reply memorandum, Defendants argue that Plaintiff's state law wrongful death claims against Dart in his individual capacity also fail. However, the argument regarding the state law claims is not properly before the Court. See *United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006) (party forfeits an argument if it is raised for the first time in a reply brief). Therefore, in ruling on this motion to dismiss, the Court will consider only the Section 1983 claim against Dart in his individual capacity.

capacity is akin to suing the entity that employs him and the standard for liability is the same. See, *e.g.*, *Kentucky v. Graham*, 473 U.S. 159 (1985). By contrast, an individual capacity suit requires a showing of personal involvement by the government actor. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). Here, Dart is sued in both his official and individual capacity. The motion under consideration seeks dismissal only of the individual capacity claim.

To recover damages in an individual capacity suit under Section 1983, a plaintiff must establish that the defendant was personally responsible for a deprivation of a constitutional right. *Id.* "An official satisfies the personal responsibility requirement of Section 1983 if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent." *Id.* "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Gentry*, 65 F.3d at 561.

Defendants contend that Plaintiff has failed to allege any personal responsibility by Dart for the alleged denial of adequate medical care, and the resulting constitutional deprivation. According to Defendants, Plaintiff merely names Dart in the caption of her complaint, without making any substantive allegations against him.

Plaintiff's response makes clear that her claim against Dart individually is not based on any direct involvement in the July 22nd incident, but on his alleged failure to enact procedures, obtain funding and adopt safeguards to prevent the denial of adequate medical care to pretrial detainees. The amended complaint alleges that on July 11, 2008, in a report to Dart, the U.S. Department of Justice found that the medical care provided by Cook County Jail fell below the

5

constitutionally required standards of care. The amended complaint further alleges that Defendants failed to implement policies and procedures to cure the health care deficiencies that had been identified prior to July 22, 2008; failed to provide sufficient budgeting to care for Plaintiff and other inmates; failed to provide sufficient staffing to care for Plaintiff and other inmate; failed to train its staff to recognize, diagnose and treat the condition from which Plaintiff suffered; and failed to comply with national standards and the Illinois Department of Corrections Standards for Jails and Lock Up Facilities and Prisons.[4] At least some of these allegations may involve Dart.

Thus, the gravamen of Plaintiff's individual capacity claim against Dart is his alleged failure to train and to implement policies designed to provide constitutionally adequate healthcare to pretrial detainees in the Cook County Jail. At first blush, Plaintiff's claim against Dart appears to be more akin to an official capacity claim. See *Sanville v. McCaughtry*, 266 F.3d 724, 739 (7th Cir. 2001) ("failure to train claims are usually maintained against municipalities, not against individuals"); *Atkins v. City of Chicago*, 2009 WL 1209032, at *1 (N.D. Ill. May 01, 2009) (noting that Section 1983 individual capacity claim premised on defendant's "asserted failure to train and to institute policies and procedures" resembled an official capacity claim, but assuming *arguendo* that plaintiff could "portray [defendant's] asserted failure to create policies and procedures as his individual conduct," despite the fact that doing so was "counterintuitive"). However, the Seventh Circuit has stated that "if [a] supervisor personally devised a deliberately indifferent policy that caused a constitutional injury, then individual liability might flow from that act." *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998) (emphasis in original). See also *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 586 (3d Cir.

---

[4] These allegations do not refer to Dart specifically. However, at this stage the Court must view Plaintiff's allegations in the light most favorable to her; therefore the Court construes her allegations against "defendants" as pertaining to Dart.

6

2004) (concluding that summary judgment in favor of administrators of juvenile detention center in their individual capacities was inappropriate where record evidence showed that administrators had responsibility for developing the center's policies and plaintiff presented sufficient evidence to present a jury question on whether the Center's policies caused his injuries).

Read in the light most favorable to Plaintiff, the amended complaint alleges that Dart failed to correct a deliberately indifferent policy that caused a constitutional injury. The Court does not see a material difference between a policymaker's failure to correct an unconstitutional policy and a policymaker's establishment of such a policy in the first place. Therefore, Defendants' motion to dismiss the individual capacity claim against Dart is denied.

## IV. Conclusion

For the reasons stated above, Defendants' motion to dismiss [14] is granted as to the claims against Defendants Cook County Department of Corrections and Cook County Jail, and is denied as to the Section 1983 individual capacity claim against Defendant Thomas Dart.

Dated: January 22, 2010

Robert M. Dow, Jr.
United States District Judge