# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3093 | **DATE** | 1/13/2011 |
| **CASE TITLE** | Terry vs. Cook County Department of Corrections et al | | |

**DOCKET ENTRY TEXT**

For the reasons set out below, plaintiff's Second Motion to Take an Excess of Ten Depositions [153] is granted in a part and denied in part; Defendant Dart's Request for a Protective Order Barring his Deposition [130] is granted; and Plaintiff's Motion to Extend Time to Answer 26(a)(2) [157] is granted. The dates for the completion of fact discovery and plaintiff's expert disclosures and reports will be set at the status hearing on 1/18/11.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

In this lawsuit, plaintiff Shanika Terry brings claims under 42 U.S.C. § 1983 as well as various state law claims, all arising from the fact that on July 22, 2008, when Terry was an inmate at Cook County Jail, her unborn child died *in utero*. Terry alleges that she asked for medical assistance for severe abdominal cramping and vaginal bleeding but that she did not get assistance until hours later.

Terry alleges that she was subjected to "cruel and unusual punishment" by being denied urgent adequate and competent medical care while in the custody of the Cook County Jail. ([proposed] Third Amended Complaint, Count I, ¶ 44.) [Dkt 140-1.] She claims that "[b]y official policies, customs, practices and procedures, Defendants failed to adequately budget, train for, observing for, and recognizing circumstances requiring urgent medical and hospital care for those in custody . . . ." (*Id*. ¶ 50.)

Federal Rule of Civil Procedure 30(a)(2)(A)(I) has a presumptive limit of ten depositions for each side – plaintiffs and defendants. After that limit has been exceeded, leave of court must be obtained. Terry has already taken eight depositions. (Pl.'s Second Mot. at 2.) Terry argues that she needs more than ten depositions, while defendant Cook County argues that Terry has already taken unnecessary depositions and that the court should not permit more than ten total. Defendant Sheriff Dart also requests a protective order to prevent Terry from taking his deposition. In light of the pending motions, Terry asks to extend the deadline for her to serve her expert disclosures and reports. The District Judge has referred that motion to this court. [Dkt 163.]

<u>Terry's motion to take more than ten depositions.</u>

To date, Terry has already deposed the following eight witnesses: Officers Kimberly Harris, Phyllis Birks, and Paula Emerson; Nurses Linda Morris and Debra Meyer; Sergeant Milton Bozeman; and two EMT personnel who took Terry to the hospital. Defendants argue that some of these depositions were unnecessary. (Pl.'s Second

## STATEMENT

Mot., Exs. 1-5; Defs.' Resp. Pl.'s Second Mot. at 3-16.) [Dkt 166.] Although defendants dispute the significance of the witnesses' testimony, for purposes of the present motion the question is only whether any of those witnesses were, at the time Terry selected them, so plainly cumulative or irrelevant to the case that Terry has, in effect, squandered some of her ten deposition opportunities. Having reviewed the parties' submissions, the court concludes that Terry's decision to depose those witnesses was not unreasonable, even if it turns out, as defendants argue, that they will add little to the case. This decision does not render an opinion on the value of the testimony, but simply concludes that their selection as deponents was not unreasonable.

Nonetheless, having spent eight of her ten deposition opportunities on those witnesses, Terry must show why she should be permitted more than the two additional depositions to which she is entitled. Terry wants to depose the following eight witnesses, some of whom arguably have some involvement with the events, while others are relevant only to the *Monell* claim:

Dr. Stamtia Richardson, who had treated Terry and was originally named as a defendant but voluntarily dismissed by Terry. [Dkt 127.] Terry states that defendants intend to call Dr. Richardson as a witness. (Pl.'s Second Mot. at 14.)

Sheriff Thomas Dart, who is sued in his individual capacity but was not personally involved in the incident. Rather, "the gravamen of Plaintiff's individual capacity claim against Dart is his alleged failure to train and to implement policies designed to provide constitutionally adequate healthcare to pretrial detainees in the Cook County Jail." (Mem. Op. and Order, Jan. 22, 2010 at 6.) [Dkt. 66.].

Dr. Avery Hart, who became Director of Cermak Hospital in August 2008, after the incident. (Pl.'s Second Mot. at 11.) According to Terry, he signed the defendants' discovery responses. (*Id*.) Defendants set forth a substantial number of topics on which they expect him to testify. (Defs.' Resp. Second Mot. at 20.)

Dr. Michael Psuisis, who is the current Chief Operating Officer of Cermak Health Services. (Defs.' Resp. Second Mot. at 19.)[1] According to Terry, defendants identified Dr. Psuisis as the one to depose on staffing and budgeting issues. (Pl.'s Second Mot. at 13.) Defendants expect him to testify to the same subjects as Dr. Hart. (Defs.' Resp. Second Mot. at 20-21.)

David Fagus, who was formerly the Chief Operating Officer of Cermak Health Services. (Defs.' Resp. Second Mot. at 19.) It is not clear from the briefs whether he held that position at the time of the events. (*See id.*) Terry has named him as an individual defendant, but he is not alleged to have any personal involvement in the events. Rather, the allegations against him are no different from those against Sheriff Dart. (*See* [proposed] Third Am. Compl.) Defendants expect him to testify to the same topics as Dr. Hart and Dr. Psuisis. (Defs.' Resp. Second Mot. at 21.)

Angela Ikpeama, who was the supervisor on shift during the time Terry began asking for assistance, set the schedule for nurses and signed off on the staff sheet. (Pl.'s Second Mot. at 12.) Defendants have never listed her as having discoverable information. (Defs.' Resp. Second Mot. at 18.)

Shawn Withers, who was Ms. Ikpeama's supervisor. (Pl.'s Second Mot. at 12-13.) Terry does not suggest that she has personal information about the incident. Defendants say that she is the

| STATEMENT |
|---|

former Supervisor of Nursing. (Defs.' Resp. Second Mot. at 19.)

Captain Perez, who, according to Terry, signed the incident report and scheduled the staffing on the day of the incident. (Pl.'s Second Mot. at 14.) Terry says that he is the least important of the witnesses, but defendants do not mention any opposition to his deposition in their response.

The court rules as follows:

    1. Ms. Ikpeama, Ms. Withers and Captain Perez all appear to cover virtually identical material. It is not apparent why all three of those depositions are necessary. Terry may select two of those persons for deposition, and the depositions may not exceed three hours each.

    2. Dr. Hart and Dr. Psuisis are also covering the same material. It appears, but is not clear, that one or both would be designated by defendants as the 30(b)(6) deponent for Cermak Health Services. Terry will be limited to deposing either Dr. Hart or Dr. Psuisis (not both), but Terry will also be permitted, if she chooses, to take the 30(b)(6) deposition of Cermak Health Services. The parties shall confer to see if they can agree to have one deposition of either Dr. Hart or Dr. Psuisis both personally and as Cermak's 30(b)(6) witness.

    3. Terry may take Mr. Fagus's deposition after completing the deposition(s) of the Cermak Health Services witnesses discussed in paragraph 2. His deposition will be limited to his personal actions in setting policy and procedures for Cermak, and will not go over material covered in the depositions of those witnesses. Thus, there is no reason why his deposition should exceed three hours, and it will be so limited.

    4. Dr. Richardson's deposition shall not be taken at this time. Terry may depose Dr. Richardson if Dr. Richardson is listed on any party's disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2). (The parties are reminded that Rule 26(a)(2) requires formal disclosure of all witnesses, including treating doctors, who are to offer testimony under Federal Rule of Evidence 702. *Musser v. Gentiva Health Servs.*, 356 F.3d 751,755 (7th Cir. 2004); *Meyers v. Nat'l R.R. Passenger Corp.(Amtrak),* 619 F.3d 729 (7th Cir. 2010). Also, the amendments to Rule 26(a)(2) effective December 1, 2010 require that, for any witness offering such testimony from whom a formal report is not required, the disclosure must include a summary of facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(c).)

    5. Because of his position, Sheriff Dart is named as a defendant in many lawsuits arising out of events at the Cook County Jail. If he had to prepare for and testify at a deposition in every one of those lawsuits, he would have little time to attend to his many official responsibilities. Terry has not presented anything to suggest that Sheriff Dart has any personal knowledge about the incident in question. Rather, he is a defendant solely because of what his office, under his direction, did or or failed to do about administration of the Jail. Sheriff Dart suggests that a 30(b)(6) deposition of the Sheriff's office should be sufficient. (Def. Sheriff Dart's Combined Resp. Pl.'s Mot. at 5.) [Dkt 130.] Sheriff Dart's request for a protective order is granted. He will not be required to sit for a deposition, on the condition that the Sheriff's office present a 30(b)(6) witness whose answers will also bind Sheriff Dart as a defendant in his individual capacity in this lawsuit.

    6. Terry shall serve any notices of Rule 30(b)(6) depositions she intends to take as a result of this order no later than January 28, 2011.

|  |
|---|
| **STATEMENT** |
| <u>Terry's motion for more time to to extend time to answer 26(a)(2).</u><br><br>    That motion is granted.  The deadline of January 15, 2011 for Terry to serve Rule 26(a)(2) disclosures and reports is hereby stricken to be reset at the status hearing on January 18, 2011. |

1. Cermak Health Services administers health services for Cook County Jail. ([proposed] Third Am. Compl., Count 1, ¶ 6.)